| FARAWAY, J.,
concurring in part and dissenting in part.
I agree with the majority that the plaintiffs were precluded in Martin One from bringing their vaguely pled NHRBRA claim for “teasing and taunting.” Such claim clearly arose out of the same “transaction or occurrence,” as those concepts are employed in La. C.C.P. art. 425(A) and La. R.S. 13:4231, and would accordingly be res judicata but for a unique procedural impediment. While Martin One was pending before the medical malpractice panel, the defendant asserted its defense of prescription in the district court pursuant to the special procedure of the Medical Malpractice Act, La. R.S. 40:1299.47(B)(2)(a). Therefore, the plaintiffs in Martin One never had the procedural obligation of joinder of their NHRBRA claim under La. C.C.P. art. 425(A) because that case was adjudicated without plaintiffs ever having the procedural opportunity to file suit in the district court.
Additionally, I would note that the NHRBRA “teasing and taunting” claim makes no allegations of causation or the extent of the mental anguish of the victim. While we are allowing this bare claim to proceed, the measure of such claim and any damages should require proof similar to that for the tort of intentional infliction of emotional distress as set by White v. Monsanto, 585 So.2d 1205 (La.1991).
I respectfully dissent from the ultra-technical ruling remanding plaintiffs’/appellants’ additional medical malpractice claim on the basis that res judicata was premature for that claim at the trial court level. The decision avoids answering the appellants’ strained and erroneous argu-mentan support of their assignment of error that res judicata can never apply to bar that claim, and instead suggests that the trial court, on remand, may reinstate its res judicata ruling as to that claim. The majority’s rationale is that a redundant exception of res judicata should have been filed here at the appellate level after the finality of the Martin One judgment. With the subject matter of this appeal being res judicata, the peremptory exception is already before us at the urging of the appellants, who freely admit that the Martin One judgment is now final. Once and for all, we should answer and dismiss appellants’ argument for the permanent in application of res judicata to their newly alleged medical malpractice claim, instead of requiring the trial court and another panel of this court to deal with this matter in the future.